United States Courts
Southern District of Texas
FILED
August 13, 2024
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
ENTERED
August 13, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUSTIN SLADE TAYLOR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:23-CV-0316** |
| | § | |
| **TDCJ LOPEZ UNIT, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

Plaintiff JUSTIN SLADE TAYLOR, appearing pro se and in forma pauperis, is an inmate assigned to the Reynaldo V. Lopez State Jail (the "Lopez Unit") of the Texas Department of Criminal Justice (the "TDCJ"). He brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Felipe Gonzalez and Rebecca De La Cruz, the Lopez Unit's respective Senior Warden and Medical Administrator, seeking equitable relief in the form of a transfer to an air-conditioned prison unit. Plaintiff generally alleges that, due in part to poor ventilation, the Lopez Unit experiences relatively high ambient temperature conditions, which conditions act to exacerbate his pre-existing medical issues.

Defendants have filed a *Motion to Dismiss* (Dkt. No. 24) for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. According to Defendants, the pleadings show that Plaintiff has failed to properly exhaust his state administrative remedies with respect to his prison conditions prior to filing this civil action as required by 42 U.S.C. § 1997e of the Prison Litigation Reform Act (the "PLRA"). A personal acquaintance of Plaintiff's has submitted a response to the Motion to Dismiss on his behalf. (*See* Dkt. No. 27). The Motion to Dismiss is otherwise ripe for consideration.

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the pleadings, the briefs, and the applicable law, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Dkt. No. 24) be GRANTED insofar as Plaintiff has failed to satisfy the PLRA's exhaustion requirement.

## I. BACKGROUND

When he brought this action, Plaintiff was housed at the Lopez Unit serving a sentence of imprisonment related to the unlawful possession of a firearm by a felon.[1] (Dkt. No. 1 at 3).

Plaintiff's complaint was received and filed on September 18, 2023. Plaintiff also moved to bring his civil action without the prepayment of fees pursuant to the terms of the PLRA. (*See* Dkt. Nos. 2, 3, 5, 6, 7, 8). His request for in forma pauperis status was granted. (Dkt. No. 9).

Through the complaint, Plaintiff raised a § 1983 claim based on the ostensible violation of his Eighth Amendment right against cruel and unusual punishment. (Dkt. No. 1 at 4, 6-9). In terms of relief, Plaintiff sought a positive injunction that he be transferred "to a cooler TDCJ unit." (*Id.* at 9). Named as defendants were Warden Gonzalez and Ms. De La Cruz. (*Id*. at 3).

The Magistrate Judge ordered Plaintiff to provide a more definite statement in the form of written responses to questions concerning the facts underlying his claim (Dkt. No. 10),[2] and Plaintiff then submitted his responses to the questionnaire (Dkt. No. 12).

Eventually, Plaintiff completed a request for service of process by the U.S. Marshal (*see* Dkt. Nos. 14, 15, 16, 17, 18, 19), which request was granted (Dkt. No. 20).

---

[1] Plaintiff's housing, scheduled release, and offense history details can be accessed by using his name to query the TDCJ's Inmate Information page at https://inmate.tdcj.texas.gov/InmateSearch/start.action.

[2] A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) or a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976) may be employed to develop the factual and legal bases of a prisoner's claims, *see Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990), which procedures are similar to obtaining a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, *see Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

On June 6, 2024, Defendants filed the Motion to Dismiss. (Dkt. No. 24). As noted, Defendants take the position that Plaintiff failed to satisfy § 1997e of the PLRA by foregoing available state administrative remedies for a prison transfer. The Magistrate Judge advised Plaintiff in writing concerning his 21-day deadline to file a response and the consequence that his failure to respond would be taken as a representation of his non-opposition. (Dkt. No. 25).

On July 8, 2024, the Clerk of Court received a letter from a Joseph D. Olivarez (*see* Dkt. Nos. 27, 27-1), who stated that he was writing on Plaintiff's behalf because Plaintiff "[was] currently on medical transport [and] was unable to respond himself" (Dkt. No. 27 at 1-2). Acknowledging that Defendants were seeking to dismiss the lawsuit, Mr. Olivarez represented that he had personally communicated by mail and telephone with the defendants "about [Plaintiff's] heat restriction and the need to be in a cool bed unit or housing." (*Id.* at 1). According to Mr. Olivarez, these matters were also communicated by Plaintiff "through grievances and with the medical staff while at doctors' appointments." (*Id.*).

## II. FACTUAL ALLEGATIONS

Through the original complaint, Plaintiff alleges in relevant part as follows:

> I am on medical restrictions for extreme heat and temperature. Due to these conditions, I feel weakness, cramps, and muscle aches. I have extreme heat rash all over my body. Dr. Casanova has recommended that I be moved to a cooler prison unit because of my medical conditions. However, Medical Administration refuses to move me to another unit. The Lopez Unit is extremely hot because of its poor ventilation system and metal building structures.

(Dkt. No. 1 at 4 (edited for readability)). Plaintiff alleges that Defendants are "not acknowledging [his] medical conditions[,]" refusing his request for a transfer, and thus violating his Eighth Amendment right against cruel and unusual punishment. (*Id.* at 8-9). He seeks relief in the form of a transfer "to a cooler [prison] unit[.]" (*Id.* at 4, 9). That said, in responding to a question on

the complaint form as to whether he has "exhausted all steps of the institutional grievance procedure[,]" Plaintiff indicated "no." (*Id.* at 3).

In ordering a more definite statement, the Magistrate Judge posed questions of Plaintiff meant to elicit factual details as to the following matters: (i) any medical issues exacerbated by the temperature conditions at the Lopez Unit; (ii) any prison transfer requests made to officials at the Lopez Unit; and (iii) any formal grievances made by Plaintiff stemming from the denial of his transfer requests. (Dkt. No. 10 at 1-2).

Plaintiff responded by providing a purported medical document entitled "Current Patient Restrictions," which lists items such as "20b. Psych – No Temperature Extremes" and "21b. Psych – No Humidity Extremes." (Dkt. No. 12 at 5). Plaintiff also lists a number of medications he is taking that purportedly "have a heat restriction applied to them[.]" (*Id.* at 4). In terms of transfer requests, Plaintiff indicates that all of these have been made either verbally to medical providers or through written I-60 forms. (*See id.* at 7). For reference, an I-60 is a form promulgated by the TDCJ by which inmates may make documented requests for help to prison officials over a range of matters, such as unit assignments, parole, prison records, etc. (*See id.* at 9-10). Plaintiff provides an example of one such I-60 dated December 12, 2023. (*Id.*). The I-60 is directed to the "Medical Dept." (*Id.* at 10). In the "Subject" field, which directs the inmate to "[s]tate briefly the problem with which you desire assistance[,]" Plaintiff writes in as follows:

> Dr. Casanova referred me to be placed in a prison unit that has a cool bed, but I am still here at the Lopez Unit. When will I be transferred?

(*Id.* at 9 (edited for readability)). The "Disposition" field indicates that Plaintiff's request for a transfer was "Declined." (*Id.*).

## III. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss the plaintiff's claim for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Surviving a Rule 12(b)(6) motion requires the pleading of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible where the factual allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, "[a] merely 'speculative' inference is not enough, and [to be] ignore[d] [are] the complaint's legal conclusions in determining facial plausibility." *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) (citing *Twombly*, 550 U.S. at 555). When considering a Rule 12(b)(6) motion, all well-pleaded facts are accepted as true and viewed in favor of the party opposing the motion. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. The PLRA's Exhaustion Requirement

Section 1997e of the PLRA provides in relevant part that—

> [n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prison confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). This includes suits seeking injunctive relief in the form of a prison transfer. *See, e.g.*, *Morris v. Walker*, 2018 WL 2758258, at *1-3 (S.D. Miss. June 8, 2018).

To properly exhaust administrative remedies, an inmate is required to follow all steps that an agency holds out for the purposes of giving the agency a full and fair opportunity to adjudicate the inmate's claims and correct its own errors. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009) (per curiam) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90, 94 (2006)) (quotations omitted). Compliance will vary from state system to state system. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Indeed, it is a state's procedures, not the PLRA, that define the boundaries of proper exhaustion. *See Rosa*, 336 F. App'x at 428 (quoting *Jones*, 549 U.S. at 218) (quotations omitted).

The "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This program is set forth by the TDCJ in its Offender Orientation Handbook. *See Tex. Dep't of Crim. Just. Offender Orientation Handbook* (rev. Feb. 2017) (the "Handbook"), available at https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf. Turning to the Handbook, the District Court for the Western District of Texas has outlined the grievance process as follows:

> Section VIII of the Handbook sets out a two–step grievance process that inmates must follow in order to exhaust their administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).
>
> According to the Handbook, inmates are first required to "attempt to informally resolve" any problem. Handbook, § VIII(B) at 73. If informal attempts fail, the inmate moves to "Step 1" in which the inmate submits a grievance form to the "unit grievance investigator" within fifteen days of the date the alleged occurrence or incident took place. *Id.* at 74. The inmate must note on the Step 1 form the informal resolution steps taken. *Id.* at 73-74. If the inmate is dissatisfied with the response to his Step 1 grievance, he proceeds to "Step 2" by filing a different form with the unit grievance investigator within fifteen days of the date his Step 1 grievance was returned to him. *Id.* at 74. Only when an inmate has attempted informal resolution and completed both Steps has he exhausted his administrative remedies, thereby allowing him to file suit. *Johnson*, 385 F.3d at 515.

*Dumas v. Tex. Dep't of Crim. Just. Bd. of Directors*, 2022 WL 488151, at *5 (W.D. Tex. Feb. 16, 2022) (footnote omitted and citations modified). For reference, a Step 1 grievance involves the filing of an I-127 form and is considered by staff at the inmate's prison unit, while a Step 2 grievance requires an I-128 form and is considered at the state level. *See* Handbook, § VIII(B) at 73; *see also Tex. Dep't of Crim. Just., Admin. Rev. & Risk Mgmt. Div., Inmate Grievance Program Pamphlet* (Oct. 2023) (the "Pamphlet"), available at https://www.tdcj.texas.gov/documents/Inmate_Grievance_pamphlet_English.pdf. Inmates are instructed to attach official documents reflecting informal attempts at resolution, such as answered I-60s. *See* Handbook, § VIII(G)(4), (5) at 75; *see also* Pamphlet, *Frequently Asked Questions*.

A plaintiff generally fails to state a claim where they fail to exhaust administrative remedies as required by § 1997e. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *see also Dumas*, 2022 WL 488151, at *4-6.

## IV. ANALYSIS

Defendants argue through the Motion to Dismiss as follows:

> In his complaint, [Plaintiff] responded "no" as to whether he has exhausted all steps of TDCJ's grievance procedures. In his more definite statement, [Plaintiff] unequivocally affirms, "all requests [for a transfer] have been made through I-60 form[s]," rather than through TDCJ's two-step grievance procedures[.]
>
> [Plaintiff] does not dispute [that] he failed to exhaust his administrative remedies as to his claims against Defendants prior to filing suit. [Plaintiff] has failed to comply with [the] PLRA's mandatory exhaustion requirement[,] and his claims against Defendants must be dismissed.

(Dkt. No. 24 at 4-5 (citations omitted)).

Indeed, given his admission that any prior requests for a prison transfer have been made only by informal processes—such as through the submission of I-60 forms—Plaintiff fails to show that he has properly exhausted available state administrative remedies prior to filing this lawsuit.

For these reasons, the Magistrate Judge concludes that the Motion to Dismiss has merit and that Plaintiff's claims are subject to dismissal pursuant to Rule 12(b)(6) for the failure to satisfy the exhaustion requirement of § 1997e of the PLRA.

## V. CONCLUSION

### *Recommended Disposition*

After review of the briefing, the record, and the applicable law, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Dkt. No. 24) be GRANTED insofar as Plaintiff has failed to satisfy the PLRA's exhaustion requirement. Accordingly, the Magistrate Judge further RECOMMENDS that this case be DISMISSED and that this case be closed.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this document to the parties by any receipted means.

DONE at McAllen, Texas this 13th day of August 2024.

J. SCOTT HACKER
United States Magistrate Judge